UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) GORDON ERNST, )<br>(2) DONNA HEINEL, )<br>(3) LAURA JANKE, )<br>(4) ALI KHOSROSHAHIN, )<br>(5) STEVEN MASERA, )<br>(6) MIKAELA SANFORD, )<br>(7) MARTIN FOX, )<br>(8) IGOR DVORSKIY, )<br>(9) LISA "NIKI" WILLIAMS, )<br>(10) WILLIAM FERGUSON, )<br>(11) JORGE SALCEDO, and )<br>(12) JOVAN VAVIC, )<br>)<br>Defendants. )<br>) | Criminal No. 19-CR-10081 |

## DONNA HEINEL JOINDER IN OBJECTIONS AND OPPOSITION TO GOVERNMENT MOTION FOR A PROTECTIVE ORDER

Please take notice that Donna Heinel hereby joins in Defendants Ernst, Khosroshahin, Sanford, Dvorskiy, Williams, Ferguson, and Salcedo's Objections to Government's Motion for a Protective Order (Dkt. No. 153) ("Objection 1"), and Defendant Vavic's Opposition to the Government's Motion for a Protective Order (Dkt. No. 155) ("Objection 2") which jointly seek to modify the protective order proposed by the Government. (Dkt. No. 145).

Ms. Heinel joins in Objection 1 and Objection 2, the arguments presented, and the relief sought on all grounds set forth therein and reserves her right to present such further evidence, authorities and argument as the Court may permit in support of the Objections, as part of any reply that may be filed in support of the Objections, and/or at the hearing on the Government's Motion and the Defendants' Objections.

### A. The Government's Blanket Protective Order is Overly Broad and Significantly Interferes with the Attorney-Client Relationship

Ms. Heinel further contends that the government's proposed protective order is overly broad and is in no way tailored to balance the government's interests with the defendants' right to discovery. Such an approach is disfavored by courts and associations throughout the country. The American Bar Association, for instance, has abandoned its blanket protective order rule "because the restriction unduly hampers the attorney's ability to prepare his or her case, which may require providing discovery materials to investigators, experts, consultants, or others in addition to the attorney himself or herself." AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE DISCOVERY AND TRIAL BY JURY STANDARD 11-6.4, COMMENTARY (3D ED. 1996).[1] *See also, San Josey Mercury News, Inc. v. U.S. Dist. Court-Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (blanket protective "orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"); *United States v. Bulger*, 283 F.R.D. 46, 54 (D. Mass. 2012) (finding it "difficult to fathom" that all of the documents produced were "sensitive, confidential, [] or otherwise suitable and appropriate for continued protection); *United States ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 261 (D. Mass. 2002) ("Parties operating under a blanket protective order [] cannot rely on an unreasonable expectation that such an order will never be altered.")

The government has stated that it will be disclosing 130 gigabytes of discovery in its first production. Counsel has an ethical obligation to inform and consult with her client. *See, e.g.,* R. Prof. C. 1.2 and 1.4. Expecting counsel to chaperone her client while she culls through 130 gigabytes of discovery is not only a waste of resources but pilfers away valuable time and resources from discussing the actual merits of the case and thus significantly interferes with the attorney-client relationship. *See generally, Strickland v. Washington*, 466 U.S. 668 (1984) (lawyer as

---

[1] Vermont amended its rule following the American Bar Association's change and Washington amended its rule because it was "cumbersome and, probably, ineffectual." Vermont R. Crim. P. 16.2, Wash. Super. Ct. Crim R. 4.7, Comment (1986).

assistant to the defendant, duty to advocate, consult on important decisions, keep informed of important developments); *Morris v. Slappy*, 461 U.S. 1 (1983) (need to consult with defendant on wide range of subjects, attorney and client need relationship of trust and confidence).

The government advanced one central concern necessitating its protective order in an April 15, 2019 meeting with counsel for Ms. Heinel and the government. That concern was that one of the defendants would leak video footage of celebrities Felicity Huffman and/or Lori Loughlin's home to the press. This laughably cannot qualify as a reason to deny Ms. Heinel, a 58-year-old woman with no criminal history who stands accused of a non-violent, white-collar offense, her rightful access to discovery. *See e.g.,* Fed. R. Crim. P. 16(d) Advisory Committee's Note to 1966 Amendment to Former Subdiv. (e) ("among the considerations to be taken into account by the court [when determining whether to grant a protective order] will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, [and] the protection of information vital to national security); *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019) (in weighing the needs of a protective order against any prejudice to the defendant, "the Court considers two factors – the nature and circumstances of the alleged crime and the Defendant's criminal history"); *Commonwealth v. Holliday*, 450 Mass. 794, 802-03 (2008) (limits on pretrial discovery permitted as long as they do not deny defendant his right to effective assistance of counsel). Neither the government's position set forth in its Motion (Dkt. No. 145) nor in its April 15, 2019 meeting with counsel are sufficient to support a blanket protective order.

**B. Conclusion**

For the reasons set forth above, in addition to the reasons advanced in both Objections 1 and 2, Ms. Heinel respectfully requests that the Court deny the broad order sought by the government and accept the more appropriately tailored protective order proposed by the defendants in Objection 1.

//
//
//
//

Dated:  April 18, 2019

Respectfully submitted,

  /s/   Nina Marino
NINA MARINO (CA Bar No. 142814)
RICHARD KAPLAN (CA Bar No. 130586)
JENNIFER LIESER (CA Bar No. 313707)
CASEY CLARK (CA Bar No. 316883)
KAPLAN MARINO, P.C.
9454 Wilshire Blvd., Ste. 902
Beverly Hills, CA 90212
Telephone:  (310) 557-0007
marino@kaplanmarino.com
kaplan@kaplanmarino.com
lieser@kaplanmarino.com
clark@kaplanmarino.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on April 18, 2019.

  /s/   Nina Marino
NINA MARINO