UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-CR-10081-IT |
| | ) | |
| ERNST, et al., | ) | |
| | ) | |
| Defendants | ) | |

## AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING MATERIALS TO BE PRODUCED TO DEFENDANT HEINEL

1. Defendant Donna Heinel ("the Defendant") and non-party University of Southern California ("USC"), hereby agree that the information and material to be voluntarily produced by USC to the Defendant ("the Protected USC Material") shall be governed by this Agreed Upon Order ("Order"), subject to amendment by further agreement of the Defendant and USC or by Order of this Court or the District Court. Accordingly, the Defendant and USC agree as follows:

2. The Protected USC Material constitutes sensitive personal information or information that is trade secret and/or commercially sensitive and that would in the ordinary course be treated as confidential and not disclosed to any third party;

3. The Protected USC Material shall be used solely in connection with the preparation and litigation of the Defendant's legal defense in this case and shall not be copied, disseminated or in any way disclosed to anyone outside the Defense Team (as defined *infra*) except as expressly provided for in this Order;

4. The Defendant's Defense Team (defined as attorneys of record or attorneys employed by or retained by attorneys of record or by the Defendant, support staff, investigators, and agents of attorneys of record retained and/or consulted by counsel for the Defendant for the

sole purpose of assisting in the legal defense of this criminal case) may take reasonable steps necessary to load the Protected USC Material onto secure servers or networks or password-protected encrypted electronic drives from which the Defense Team and the Defendant may access, review, download, print and copy the Protected USC Material;

5. The Defendant and others as permitted by this Order and as directed by the Defense Team, may access and review the Protected USC Material on the secure servers or networks or hard drives as well as in hard copy form where needed;

6. The Defendant may maintain one physical and/or electronic copy of the Protected USC Material, and Defense Team members and Defendant may exchange Protected USC Material via email;

7. The Defense Team may disclose or provide access to Protected USC Material and/or information contained in the Protected USC Material to expert witnesses retained by the Defense Team, or summary witnesses, which the Defense Team intends to call at trial, in connection with the preparation and litigation of the legal defense in this case, provided that such individuals are not permitted to retain physical copies of the Protected USC Material after their case-related responsibilities conclude absent further order of this Court;

8. In the event that the Defense Team wishes to e-mail or electronically share Protected USC Material with expert witnesses retained by the Defense Team, or summary witnesses, which the Defense Team intends to call at trial in connection with the preparation and litigation of the legal defense in this case, that is permissible provided that the Protected USC Material is transmitted securely and encrypted with a password for the intended recipient and that such recipients delete the Protected USC Material after use as directed by the Defense Team. All individuals who receive an electronic copy of the Protected USC Material must provide

written confirmation to USC, via the Defense Team, that all copies have been permanently deleted;

9. While the Defense Team may not provide access to or copies of any Protected USC Material to any fact witness or any attorney for a fact witness, the Defense Team may disclose information derived from the Protected USC Material to a fact witness or an attorney for a fact witness in connection with the preparation and litigation of the legal defense in this case, subject to the provisions of Paragraph 10;

10. All persons who are provided access to or copies of any Protected USC Material or access to information contained in or derived from the Protected USC Material in connection with the preparation and defense of this matter shall be advised of the privacy and confidentiality of such information and his or her obligation not to disclose the information except as permitted by this Order, and defense counsel of record shall require such persons outside the Defense Team to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information;

11. No person who accesses or receives information contained in the Protected USC Material from defense counsel of record is permitted to further disseminate or further disclose any such information, other than as permitted by this Order;

12. Counsel of record shall maintain all copies of this Order in their files until the conclusion of this litigation, including all appeals;

13. Except as otherwise ordered by this Court or the District Court, any Party wishing to file any Protected USC Material other than as stated in paragraph 16 *infra* must either (1) obtain written permission from USC to file such material in the public record, or (2) move the Court for leave to file the Protected USC Material under seal pursuant to Local Rule 7.2. Unless

\\BOS - 061612/000047 - 1211293 v1

and until this Court or the District Court has ruled on such a motion, no Party may file any Protected USC Material in the public record. Nothing herein shall preclude a Party from filing a redacted version of such a pleading, brief, exhibit or other document in the public record that omits the Protected USC Material. Nothing herein shall preclude a Party from filing a pleading, brief, or exhibit that attaches or recites verbatim from Protected USC Material under seal with the consent of the Court. Nothing herein shall preclude a Party from filing Protected USC Material as an exhibit at a Pretrial Hearing if the Court denies the request to file it under seal or otherwise declines to consider the Protected USC Material unless it is made an exhibit. In the event that the Court denies a request to file Protected USC Material under seal, the Party seeking to file the Protected USC Material shall give USC notice and an opportunity to be heard by the Court before publicly filing the Protected USC Material in any pretrial pleading or at any pretrial hearing;

14. At the conclusion of this litigation, including all appeals, all individuals referenced in this Order who have received Protected USC Material or information derived therefrom, not to include attorney work-product incorporating information from Protected USC Material, shall destroy such material or information or return the physical copy to the Defense Team. If any information or materials are not returned to USC, counsel of record for the Defendant shall provide written confirmation to USC that such materials or information have been destroyed and that no other copies have been retained;

15. Nothing in this Order shall be construed to prohibit the Defense Team from producing Protected USC Material to the Government as required by reciprocal discovery rules or practices or pursuant to a court order. Nothing in this Order is intended to prohibit or limit the Government in discharging its discovery obligations;

16. Nothing in this Order shall be construed to prohibit the Defense Team from identifying and/or producing Protected USC Material on a Court-ordered Exhibit List or from offering such material as an exhibit or as an exhibit for identification during the trial of the above-captioned matter. The Defense team shall refrain from disseminating Protected USC Material in any extrajudicial manner; and

17. Nothing contained in this Order will preclude any party from applying to the Court for further relief or modification of any provision thereof.

Respectfully submitted,

**NON-PARTY UNIVERSITY OF SOUTHERN CALIFORNIA**

By its Attorneys,

/s/ *Anthony E. Fuller*
Anthony E. Fuller (BBO No. 633246)
Elizabeth C. Pignatelli (BBO No. 677923)
Hogan Lovells US, LLP
125 High Street, Suite 2010
Boston, MA 02110
(617) 371-1000
anthony.fuller@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

/s/ *Douglas M. Fuchs*
Douglas M. Fuchs (admitted *Pro Hac Vice*)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
dfuchs@gibsondunn.com

\\BOS - 061612/000047 - 1211293 v1

                                    **DONNA HEINEL**
                                    By her Attorney,

                                    /s/ *Nina Marino*
                                    Nina Marino
                                    Kaplan Marino
                                    9454 Wilshire Blvd., Suite 902
                                    Beverly Hills, CA 90212
                                    (310) 557-0007
December 11, 2019                   marino@kaplanmarino.com


## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent those indicated as nonregistered participants on December 11, 2019.

                                           /s/ *Anthony E. Fuller*

\\BOS - 061612/000047 - 1211293 v1