UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GORDON ERNST, *et al.*,<br><br>　　　　　　　Defendants. | Crim. No. 19-cr-10081-IT-MPK |

## JOINT FINAL STATUS REPORT

Pursuant to Local Rule 116.5(c), the parties hereby file the following report for the February 8, 2021 Final Status Conference.

**(1)　Whether the Defendants Request Transfer of the Case for a Rule 11 Hearing**

At this time, none of the remaining defendants (Ernst, Ferguson, Heinel, and Vavic) requests a transfer to the District Court for a Rule 11 hearing.

**(2)　Whether, Alternatively, the Parties Move for a Pretrial Conference Before the District Court**

The District Court scheduled trial for the remaining defendants to commence on November 16, 2021, with a pretrial order to follow. Dkt. 585. To the extent that the pretrial order does not set a pretrial conference, the parties request one.

　　(A)　Status of Discovery

The government has no current plans to produce additional discovery materials beyond those pretrial disclosures called for under Local Rule 116.1(b)(2), to the extent those materials have not already been produced. To the extent the government obtains additional Rule 16 discovery, it will provide it to defendants pursuant to Local Rule 116.7 forthwith.

The defense proposes that reciprocal discovery be provided together with the previously-ordered date for disclosure of expert discovery 30 days before trial (by October 18, 2021 since this date falls on Sunday, October 17, 2021) for those defendants proceeding to trial. To the extent the defense obtains additional Rule 16 discovery thereafter, it will provide it to the government forthwith.

The government proposes that reciprocal discovery be provided 90 days prior to trial.

(B)     Discovery Requests and Motions

There are no pending discovery requests or motions. Defendants have indicated that they may have further discovery requests and motions as they continue to review the government's prior productions. The parties propose that defendants will file any remaining discovery motions by July 15, 2021, and the government will have until August 15, 2021 to respond.

(C)     Expert Discovery

On January 17, 2020 this Court ordered that "The court will address the timing of expert disclosures at the next status conference. The government shall provide expert discovery 90 days prior to trial and defendants, 30 days." Interim Status Report, Dkt. No. 365, p.1, para. D-E.

The defense proposes that rebuttal experts should be noticed 20 days before trial. The defense further proposes that the government provide expert disclosures in advance of these dates if it is available (for example, in connection with the companion matter, 19-CR-10080-NMG).

The government objects to having 10 days to prepare rebuttal expert disclosures. The government proposes that the dates for expert disclosures be amended to the following: the government will provide expert disclosures 90 days before trial; defendants will provide expert disclosures 60 days before trial, and rebuttal expert disclosures will be due 30 days before trial. The government notes that its proposal is consistent with the expert disclosure schedule in the

companion matter, 19-CR-10080-NMG. The government further objects to defendants' request that it provide expert disclosures from the companion case to defendants in this matter at this time, given that it is not clear that any expert disclosures in the companion case will be relevant to this case.

 (D) Fed. R. Crim. P. 12(b) Motions to Date

The Court denied defendants' Rule 12(b)(3)(B) motion to dismiss the Superseding Indictment on November 23, 2020. On December 7, 2020, the parties agreed that there was no reason not to apply defendants' motions, the parties' briefings, and the Court's November 23, 2020 decision to the Second Superseding Indictment. Defendant Vavic filed a supplemental motion to dismiss the Second Superseding Indictment on January 5, 2021. Defendants Heinel and Ferguson joined Section III of that motion. The government filed its opposition on January 26, 2021. On February 1, 2021, the Court granted defendant Vavic leave to file a reply by February 8, 2021.

 (E) Further Motions

Defendants are still exploring further pretrial motions (other than motions to dismiss for failure to state an offense) at this time. Defendants propose that they will file any remaining pretrial motions by July 15, 2021 and the government will have until August 15, 2021 to respond.

The government objects to the extent the defendants propose to file further successive Rule 12(b) motions.

 (F) Excludable Delay

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on March 25, 2019 with the defendants' initial appearance in this District. In Orders entered March 25, 2019, June 3, 2019, October 1, 2019, January 17, 2020, July 15, 2020, and November 10, 2020, the Court has

3

excluded all time between March 25, 2019 and February 8, 2021 under the Speedy Trial Act. *See* Dkts. 109 184, 251, 365, 436, 485, 551.

The parties have conferred and ask that the Court exclude the period of time from the time of the final status conference on February 8, 2021 to the time of the pretrial conference, under 18 U.S.C. § 3161(h)(1)(D), while defendants' motion to dismiss is pending, and 18 U.S.C. § 3161(h)(7)(A), to permit defendants time to review discovery, confer with their respective counsel, and prepare for trial. The ends of justice served by this exclusion outweigh the interests of the public and each Defendant in a speedy trial.

(G)    Estimated Number of Trial Days

The Government currently estimates that its case-in-chief would take approximately three to five weeks, assuming half-day sessions.

Respectfully Submitted,

**ANDREW E. LELLING**
**UNITED STATES ATTORNEY**

/s/ *Kristen A. Kearney*
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorneys
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel: (617)-748-3100
Justin.O'Connell@usdoj.gov
Leslie.Wright@usdoj.gov
Kristen.Kearney@usdoj.gov

  /s/   *Nina Marino*
Nina Marino, Counsel for Donna Heinel
Richard Kaplan

4

Jennifer Lieser
KAPLAN MARINO, P.C.
9454 Wilshire Blvd., Ste. 902
Beverly Hills, CA 90212
Tel:  (310) 557-0007
marino@kaplanmarino.com

 /s/  Megan A. Siddall
Megan A. Siddall, Counsel for Gordon Ernst
Tracy A. Miner
Miner Siddall LLP
470 Atlantic Ave., 4th Floor
Boston, MA 02210
Tel: (617) 273-8406
msiddall@mosllp.com
tminer@mosllp.com

 /s/  Shaun G. Clarke
Dane C. Ball, Counsel for William Ferguson
Shaun G. Clarke
Alexander M. Wolf
Smyser Kaplan & Veselka L.L.P.
717 Texas Street, Ste. 2800
Houston, TX  77002
Tel: (713) 221-2300
dball@skv.com
sclarke@skv.com
awolf@skv.com

Kearns Davis, Counsel for William Ferguson
BROOKS PIERCE
2000 Renaissance Plaza
230 N Elm St.
Greensboro, NC  27401
(336) 271-3174 (phone)
(336) 378-1001 (fax)
kdavis@brookspierce.com

 /s/  Stephen G. Larson
Stephen G. Larson, Counsel for Jovan Vavic
Koren L. Bell
Paul A. Rigali

5

Larson O'Brien LLP
555 S. Flower Street, Ste. 4400
Los Angeles, CA  90071
(213) 436-4864
slarson@larsonobrienlaw.com

## CERTIFICATE OF SERVICE

I, Kristen A. Kearney hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 1, 2021.

/s/ *Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney