UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10081 |
| ) | |
| GORDON ERNST, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DONNA HEINEL'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTS 2, 3, 10-15, AND 18 OF THE SECOND SUPERSEDING INDICTMENT
PURSUANT TO FED. R. CRIM. PRO. 12(b)(3)(A)(iv)**

## I.     INTRODUCTION

Since the inception of this case, Dr. Donna Heinel has vigorously asserted her
constitutional and statutory rights. Conversely, the government has acted in contravention of due
process, as well as the prosecution's well-established duty to seek justice and refrain from
engaging in improper litigation methods, by twice responding to Dr. Heinel's pretrial motions to
dismiss the charges with additional charges and allegations predicated entirely on evidence
which has clearly been in the government's possession since the filing of the original Indictment.
While several defendants have elected to plead guilty, Dr. Heinel has remained steadfast in her
defense, only to be subjected to a litany of additional charges that bring with them enhanced
penalties. This conduct constitutes a blatant effort to deter Dr. Heinel from asserting her rights in
violation of due process. The government's seeking and obtaining new indictments every time a
challenge is made raises a presumption of prosecutorial vindictiveness sufficient to shift the
burden to the government to demonstrate objective reasons for the addition of Counts 2, 3, 10-15
and 18 – counts which were not present when the original charge was brought. If the government
cannot rebut this presumption, Counts 2, 3, 10-15 and 18 must be dismissed.

## II.     PROCEDURAL HISTORY

On March 5, 2019, Dr. Heinel was indicted on a single count of Racketeering Conspiracy under 18 U.S.C. § 1962(d) ("RICO") (Dkt. No. 1.) At the May 29, 2019 Status Conference, the parties informed the Court of their agreement that pretrial motions made pursuant to Fed. R. Crim. P. 12(b) would not be filed prior to September 30, 2019, including the motion to dismiss for failure to state an offense concerning the single RICO conspiracy count alleged in the Indictment. (Dkt. No. 180.) At the following Status Conference on September 24, 2019, a briefing schedule was discussed in connection with the filing of the Rule 12(b)(3)(B)(v) motion to dismiss for failure to state an offense concerning the single RICO conspiracy count alleged in the Indictment. (Dkt. No. 239.)

On October 15, 2019, Dr. Heinel filed a Motion to Dismiss the Indictment Pursuant to Federal Rules of Procedure 12(b)(3)(B)(v). (Dkt. No. 267.) The government did not file a response to this motion. Instead, on October 22, 2019, the government filed the First Superseding Indictment. (Dkt. No. 272.) This Superseding Indictment added nine additional counts against Dr. Heinel which served to significantly increase the severity of the charges – and punishment – should Dr. Heinel be found guilty. (Id.) Moreover, all of the additional charges were either predicates of the original RICO violation (including conspiracy to commit mail and wire fraud, and substantive counts of mail and wire fraud)[1], or were based on the same allegations already set forth in the original Indictment (including conspiracy to commit federal programs bribery). (See Dkt. Nos. 1, 272.) The government was therefore clearly in possession of the evidence to

_____

[1] See Dkt. No. 1 at ¶ 129.

substantiate these nine additional charges when it chose to indict a single count of RICO in the original Indictment. (See ids.)

On December 20, 2019, Dr. Heinel filed a second Motion to Dismiss with regard to the First Superseding Indictment. (Dkt. No. 331.)  The prosecution filed their Response on January 22, 2020 and Dr. Heinel filed her Reply on February 14, 2020. (Dkt. Nos. 371, 390.) Oral argument was heard on the motion on July 1, 2020 over the course of three hours. (Dkt. No. 481.) Pursuant to the Court's directive, on July 29, 2020, both parties submitted jury instructions to assist the Court in determining whether the government's indictment sufficiently alleged the elements it must prove at trial. (Dkt. Nos. 481, 490, and 491.) It was not until submission of the jury instructions nearly a month after oral argument that the government informed both the Court and Dr. Heinel of its intention to supersede yet again. (Dkt. No. 490.)

On September 1, 2020, Dr. Heinel was indicted for the third time in the Second Superseding Indictment. (Dkt. No. 505[2,3].) On November 23, 2020, the Court inquired whether the parties had any objection to the Court applying its ruling on the already pending second motion to dismiss the First Superseding Indictment to the Second Superseding Indictment, to which the parties had none. (Dkt. Nos. 564, 574.)

On November 23, 2020, this Court issued its Memorandum and Order in connection with the motion to dismiss. In that Order, this Court rejected various theories put forth by the

---

[2] Defendant Vavic was charged with a new count of conspiracy to commit federal programs bribery, and Defendant Ernst was charged with two additional counts of federal programs bribery and three new counts of filing a false tax return. (Dkt. No. 505 at ¶¶ 155-156, 159-160, and 160-161.)

[3] Due to a numbering error, the three counts of filing a false tax return are reflected in paragraphs 160-161 on page 39 rather than paragraphs 160-161 on pages 35-36 of the Second Superseding Indictment.

government as to how Dr. Heinel could be found guilty of the offenses charged, particularly as it pertains to the RICO charge and the property-based offenses. (Dkt. No. 564.)

### III.    LEGAL FRAMEWORK

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion alleging vindictive prosecution may be raised pretrial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(iv). As the basis for this Motion is available, and this Motion can be heard without a trial on the merits, it is proper for the Court to entertain it at this time. *See United States v. LaDeau*, 734 F.3d 561, 564 (6th Cir. 2013) (ruling on a vindictive prosecution motion pretrial); *United States v. Meyer*, 810 F.2d 1242, 1244 (D.C. Cir. 1987), *reh'g en banc granted, opinion vacated,* 816 F.2d 695 (D.C. Cir. 1987), and *opinion reinstated on reconsideration sub nom.*; *United States v. Ruesga-Martinez*, 534 F.2d 1367, 1369 (9th Cir. 1976) (same).

Prosecutorial vindictiveness occurs when the government's charging decisions are "motivated by a desire to punish [the defendant] for doing something that the law plainly allowed him to do." *United States v. Goodwin*, 457 U.S. 368, 384 (1982). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (*citing North Carolina v. Pearce*, 395 U.S. 711, 738 (1969) (opinion of Black, J.), *Chaffin v. Stynchcombe*, 412 U.S. 17, 32-33, n. 20 (1977)).

The Supreme Court in *Blackledge* made clear that a prosecutor need not act in bad faith or with malice for an indictment to contravene due process. *See Blackledge v. Perry*, 417 U.S.

4

21, 28 (1974). Even the mere *appearance* of prosecutorial vindictiveness can serve to dissuade defendants from exercising their statutory rights and constitute a violation of due process. *Lovett v. Butterworth*, 610 F.2d 1002, 1007 (1st Cir. 1979). "In effect, Blackledge sets up a per se rule . . . that in some situations a due process violation can be established by a showing that defendants might have a reasonable apprehension of prosecutorial vindictiveness, without a showing that the prosecutor actually had a vindictive or retaliatory motive[.]" *Id.* (*citing Jackson v. Walker*, 585 F.2d 139, 143 (5th Cir. 1978)). "By allowing for a presumption of vindictiveness to be drawn under narrow circumstances, the *Blackledge* rule is a prophylactic one; it safeguards a defendant's due process rights by eliminating apprehension of prosecutorial retaliation where circumstances reasonably indicate retaliation, even if there is no direct evidence that the prosecutor was in fact improperly motivated." *LaDeau*, 734 F.3d at 566 (*citing Goodwin,* 457 U.S. at 373–76, 383; *United States v. Saltzman,* 537 F.3d 353, 359 (5th Cir. 2008); *United States v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980)).

"A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness." *United States v. Jenkins*, 537 F.3d 1, 3 (1st Cir. 2008). To determine whether the present circumstances raise a presumption of vindictiveness, the court must weigh (1) whether the prosecutor had a "stake" in deterring the exercise of some right and (2) whether the prosecutor's conduct was unreasonable. *LaDeau*, 734 F.3d at 566–67; *see also United States v. Marrapese*, 826 F.2d 145, 149 (1st Cir. 1987) (holding that "the focus [] in evaluating the likelihood of vindictiveness is not only on the right of the defendant, but also on the incentive of the prosecutor to prevent the defendant from asserting that right"). "The government bears the burden of rebutting the presumption with objective, on-the-

record explanations such as governmental discovery of previously unknown evidence or previous legal impossibility." *LaDeau*, 734 F.3d at 566–67 (internal citations and quotations omitted); *see also Marrapese*, 826 F.2d at 147 (holding that if the defendant successfully raises a presumption of vindictiveness, "the prosecutor bears the burden of rebutting that presumption by showing objective reasons for the additional charge that were not present when the original charge was brought.") "It is hornbook law that a federal court may dismiss an indictment if the accused . . . demonstrates a likelihood of vindictiveness sufficient to justify a presumption[]" that the prosecution acted vindictively in filing the indictment. *United States v. Stokes*, 124 F.3d 39, 45 (1st Cir. 1997).

"[W]hen the prosecution has occasion to reindict the accused because the accused has exercised some procedural right, the prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive." *Ruesga-Martinez*, 534 F.2d at 1369; *see also United States v. Andrews*, 633 F.2d 449 (6th Cir. 1980) (en banc) (holding that outside of the plea-bargaining context, the government cannot retaliate against a defendant for litigating a pretrial motion by filing an enhanced charge). "In some vindictive prosecution cases involving an interlocutory challenge to a successor indictment which added new charges, courts have dismissed the new counts, leaving intact the counts that were also in the original indictment." *United States v. Motley*, 655 F. 2d 186, 190 (9th Cir. 1981).

## IV.   ARGUMENT

This is not a run of the mill fraud case. This is a matter that has garnered national and international media attention. There have been literally thousands of news accounts and several books and movies made, including, a Netflix documentary.  From the day Dr. Heinel was arrested and continuing to today, the government has made clear in press conferences, sentencing

arguments, and in every way and with every medium available, that the government has a lot invested. As the court in *Marrapese* recognized, "the focus [] in evaluating the likelihood of vindictiveness is not only on the right of the defendant, but also on the incentive of the prosecutor to prevent the defendant from asserting that right." 826 F.2d at 149.

### A. The timing of the First Superseding Indictment raises a presumption of vindictiveness.

The timing of the First Superseding Indictment is an important factor for this Court to consider in determining whether the prosecution acted unreasonably and whether the defense has established a sufficient likelihood of vindictiveness to warrant a presumption. *See Goodwin*, 457 U.S. at 381-82 (holding that the timing of the prosecution's charging decision may suggest whether it is the product of vindictiveness). Here, the First Superseding Indictment was filed in the wake of meritorious challenges to the original Indictment, was based on the exact same evidence that formed the basis for the original Indictment and was filed after government overtures for a plea were ignored. The government was put on notice beginning at least on May 29, 2019 at a status conference and again on September 24, 2019 at another status conference that the contrived RICO charge was going to be challenged. (Dkt. Nos. 180, 239.)

During this same time period, the government's overtures to engage in plea negotiations fell on deaf ears. On April 1, 2019, August 5, 2019, and October 10, 2019, counsel for Dr. Heinel was repeatedly told by the government that Dr. Heinel is *very guilty, that the evidence is very strong against her, and that she should plead guilty and cooperate with the government against USC.* (Marino Dec. ¶ 3.) At no time did counsel for Dr. Heinel agree with these statements or engage in plea discussions. (Id. at ¶ 4.) By filing the Superseding Indictment in the wake of an impending and meritorious motion to dismiss and failed overtures for a plea agreement, the

government sought to punish Dr. Heinel for what the law plainly allows her to do: challenge the sufficiency of the Indictment and persist in pleading not guilty.

> **B.  The government's addition of nine counts to the Superseding Indictment based on information already in its possession raises a presumption of vindictiveness.**

A superseding indictment is potentially vindictive if it "add[s] additional charges or substitute[s] more severe charges based on the same conduct charged less heavily in the first indictment." *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001). If this occurs, "the prosecutor bears the burden of rebutting [a] presumption [of vindictiveness] by showing objective reasons for the additional charge[s] that were not present when the original charge was brought." *Marrapese*, 826 F.2d at 147.

To punish Dr. Heinel for exercising her constitutional and statutory rights to challenge the anomalous RICO charge and persist in a plea of not guilty, the government filed a Superseding Indictment adding ***nine*** charges against Dr. Heinel all based entirely on evidence already within the government's possession at the time of filing the original Indictment.[4] It is clear the government already possessed this evidence because the new charges, including one count of conspiracy to commit mail and wire fraud and honest services mail and wire fraud, and seven substantive counts of  mail and wire fraud and honest services mail and wire fraud, are all predicate offenses of the RICO charge. (See Dkt. No. 1 at ¶¶ 13-129; Dkt. No. 272 at ¶¶ 146-147; 156-159.) The only new charge in the Superseding Indictment is conspiracy to commit

---

[4] The government's procurement of the Superseding Indictments here further implicates a misuse of the power and function of the grand jury. After indictment, the grand jury should only be used "if its investigation is related to a superseding indictment of additional defendants or additional crimes by an indicted defendant." U.S. Attorneys Manual, § 9-11.120 (https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.120), *citing In re Grand Jury Subpoena Duces Tecum, Dated January 2, 1985*, 767 F.2d 26, 29-30 (2d Cir. 1985); *In re Grand Jury Proceedings*, 586 F.2d 724 (9th Cir. 1978).

federal programs bribery. (See Dkt. No. 272 at ¶¶ 148-155.) But the underlying allegations that support this charge – soliciting, accepting, and concealing bribes in exchange for fabricating information about prospective students' athletic abilities – are the exact same allegations previously set forth in the original RICO charge. (See Dkt. No. 1 at ¶¶ 13-129; Dkt. No. 272 at ¶¶ 148-155.)

Courts have recognized that the use of superseding indictments to bring new charges based on no new evidence for the purpose of punishing the exercise of constitutional and statutory rights is a violation of due process. In *LaDeau*, for example, the defendant was indicted on a single charge prescribing a sentencing range of zero to ten years' imprisonment. 734 F.3d at 564. After the defendant successfully moved to suppress evidence, the government filed a superseding indictment on a charge which prescribed a five-to-twenty-year prison term based on the same evidence the government had in its possession over the entire course of the prosecution. *Id.* at 571. Because the government could not provide objective explanations for its charging decision, the court found a presumption of vindictiveness that the government could not rebut and affirmed dismissal of the indictment. *Id.* at 573. Critical to the court's finding of prosecutorial vindictiveness was the fact that the government "already possessed all of the relevant evidence that supported the superseding indictment well before procuring the first indictment." 734 F.3d at 568. *Cf. Goodwin*, 457 U.S. at 381 (finding no prosecutorial vindictiveness in large part because prosecutors typically must act and later compensate for incomplete information or understanding).

Similarly, in *Motley*, a mistrial was declared on charges of RICO and conspiracy. 655 F.2d at 187-90. Following the mistrial, the government filed a superseding indictment charging the defendant with the predicate drug offenses, thereby exposing him to a longer prison sentence.

*Id.* at 187-88. The court found that the defendant had "succeeded in establishing an appearance of vindictiveness because of the more severe indictment" filed against him. *Id.* at 189. Because the government failed to justify the increase in severity of the charges, the court reversed the district court's denial of the defendant's motion to dismiss the indictment for vindictive prosecution. *Id.* at 189-91; *see also Lovett*, 610 F.2d at 1007 (holding that the government's actions of re-indicting the defendant on a more serious charge after he appealed his conviction on a former charge deprived the defendant of due process inasmuch as the *appearance* of prosecutorial vindictiveness could serve to dissuade defendants from exercising their right to appeal); *United States v. Jamison,* 505 F.2d 407, 417 (D.C. Cir. 1974) (finding prosecutorial vindictiveness where government reindicted a defendant on more serious charges following the court's grant of a mistrial due to ineffective assistance of counsel over the government's objection).

The fact that there had not been a court ruling on the motion to dismiss the original Indictment here does not change the analysis. The government's theory on the RICO charge was, from its inception, tenuous at best. The government chose to proceed on that single charge in the Indictment despite the obvious flaws in the theory. Only when faced with the challenge to the Indictment combined with failed plea overtures did the government then return to the grand jury for the purpose of seeking and obtaining a Superseding Indictment charging crimes that increased punishment and for which no new evidence was required. This alone raises a presumption of vindictiveness. *See Ruesga-Martinez*, 534 F.2d at 1368, 1370 (finding that a presumption of vindictiveness applied after the defendant refused to waive his right to be tried by a district judge and was subsequently indicted and convicted on more serious charges because the defendant "was entitled to exercise his right to be tried by a district judge without fear that

the prosecutor might retaliate by substituting a more serious charge for the misdemeanor charged in the original complaint").

Just as in *LaDeau*, "there is nothing to indicate that the Superseding Indictment compensated for unexpected changes or an incomplete initial grasp of the pertinent issues or facts" as the allegations remain the same between indictments and the charges rest on the same information already alleged in the government's first Indictment. 734 F.3d at 568. Just as in *LaDeau*, "the only substantive occurrence between the indictments was" Dr. Heinel's filing of motions to dismiss and failed overtures for plea discussions. 734 F.3d at 568.

> ### C. The disparate treatment between the defendants who have pleaded guilty and those who have not further supports finding a presumption of prosecutorial vindictiveness.

Dr. Heinel was charged with nine additional counts in the wake of rejecting plea discussions with the government and filing a motion to dismiss.

As this Court so aptly observed:

> [I]f somebody doesn't plead guilty [] then all of a sudden, [there is] the next go-round of more indictments or [this Court] issue[s] a ruling that doesn't look so good in the way -- the reasoning, thinking, and we get more indictments.

(*United States v. Ernst*, Case No. 19-10081-IT, Salcedo Sentencing Transcript at 39: 6-9.)[5]

Discriminatory treatment between defendants who enter into plea agreements and those who assert their rights supports a presumption of prosecutorial vindictiveness. *Meyer*, 810 F.2d

---

[5] In fact, because of its concerns regarding the sufficiency of the RICO charge, this Court rejected Defendant Salcedo's plea to that count, which he later withdrew and was sentenced instead on federal programs bribery where he received eight months rather than the two years sought by the government. (Dkt. Nos. 488, 601, 615, 621, and 670.); *see LaDeau*, 734 F.3d at 569 (similarly finding that the government had a stake in deterring the defendant's exercise of his rights as the defendant's pretrial "motion to suppress was neither routine nor typical: he succeeded in suppressing crucial evidence and thereby eviscerated the government's possession case.")

at 1246. In *Meyer*, the court took into consideration the government's disparate treatment between defendants who asserted their right to trial and those who chose to forgo their trial rights by pleading guilty. *Meyer*, 810 F.2d at 1246. Those who elected to pursue trial were met with a two-count information rather than the original single charge. *Id.* at 1244. The court found that this discriminatory treatment between defendants who asserted their right to trial and those who did not indicated "a realistic likelihood of prosecutorial vindictiveness," *Id.* at 1246, and affirmed the district court's dismissal of the information. *Id.* at 1249.

Just as in *Meyer*, Dr. Heinel was subjected to discriminatory charging treatment because she chose to assert her rights rather than forgo them. In fact, the government's addition of nine counts rather than a single additional count as in *Meyer* makes the discrimination here even more egregious. *Id.* at 1244, 1246. This disparate treatment sufficiently demonstrates a likelihood of vindictiveness to warrant a presumption of vindictiveness such that the prosecution now bears the burden of rebutting that presumption.

As this Court recognized, the government has now sought and obtained two superseding indictments based on the same evidence as the original Indictment for the purpose of increasing sentencing exposure and countering the District Court's discretion:

> And I think what you're saying here is the Government has a view of what the sentence should be. And so rather than saying, "This is the crime we're charging and this is -- now, Judge, what do you think is the appropriate sentence?" What it sort of feels like has happened in this case is that the Government says, "We're the ones who are getting to decide what the appropriate sentencing range is. And if you won't agree with our calculation of it, we're not going to appeal you to the First Circuit," which you certainly had every right to do every step of the way. Instead, what you're saying is, ***"We'll just keep charging it differently."***

(*United States v. Ernst,* Case No. 19-10081-IT, Salcedo Sentencing Transcript 24:2-13 (emphasis added).)

As noted by the Court, the government's charging decisions are troubling. Just as in *LaDeau* and *Motely*, the additional charges alleged against Dr. Heinel result in substantially higher sentencing ranges should she be convicted. *LaDeau*, 734 F.3d at 571; *Motley*, 655 F.2d at 189-90. Just as in *LaDeau*, "the only substantive occurrence between the [three] indictments was" defendants being sentenced to considerably less time than the government recommended. *LaDeau*, 734 F.3d at 568.

In *Lovett*, while an appeal was pending, the government obtained an indictment based on identical facts charging the defendant with a more serious crime that carried with it a more significant punishment. 610 F.2d at 1004. The defendant argued that the second indictment violated his due process rights. *Id*. at 1003. The appellate court agreed and vacated the judgement of the district court. *Id*. at 1007. The court held that "the question of whether a due process analysis must be employed…is to be determined… by the potential for increased punishment resulting from the actions of the prosecution." *Id*. at 1005. Here, while the motion to dismiss the Indictment was pending, and in the wake of failed efforts at a plea, the government sought and obtained the first Superseding Indictment which substantially increased punishment.

The prosecution now bears the burden of providing objective reasons to this Court as to what possible *other purpose* existed to increase the severity of the charges, as opposed to a vindictive desire to deter and punish challenges to the RICO charge and Dr. Heinel's exercise of her right of trial. The defense respectfully submits that there is no other purpose.

V.    **CONCLUSION**

For the foregoing reasons it is respectfully submitted that the government now bears the burden of rebutting the presumption of vindictiveness by showing objective reasons for the additional charges that were not present when the original case was brought. If the government

13

cannot meet its burden, the nine additional charges – Counts 2, 3, 10-15 and 18 – must be dismissed.

Dated:  August 16, 2021                    Respectfully submitted,


                                           _/s/   Nina Marino_____
                                           NINA MARINO
                                           JENNIFER LIESER
                                           KAPLAN MARINO, P.C.
                                           9454 Wilshire Blvd., Ste. 902
                                           Beverly Hills, CA 90212
                                           Telephone:  (310) 557-0007
                                           marino@kaplanmarino.com
                                           lieser@kaplanmarino.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on August 16, 2021.


                                           _/s/   Jennifer Lieser_ __
                                           JENNIFER LIESER