UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:19-cr-10081-IT |
| | * | |
| DONNA HEINEL and JOVAN VAVIC, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

October 13, 2021

TALWANI, D.J.

Defendants Donna Heinel and Jovan Vavic seek dismissal for vindictive prosecution of the counts of the Second Superseding Indictment [#505] alleged against them. Mot. to Dismiss as to Heinel [#758]; Mot. for Joinder as to Vavic [#809]. For the following reasons, the motions are DENIED.

I. **Relevant Background**

On March 5, 2019, a grand jury returned a one-count Indictment [#1] charging Heinel, Vavic, and ten others with a racketeering conspiracy relating to college admissions. Over the next several months, five defendants entered into plea agreements with the government. Janke Agreement [#160-1]; Masera Agreement [#181-1]; Khosroshahin Agreement [#182-1]; Dvorskiy Agreement [#247-1]; Fox Agreement [#271-1].

On October 15, 2019, Heinel, Vavic, and four other Defendants moved to dismiss the single-count Indictment [#1]. See Mot. to Dismiss as to Williams [#262]; Mot. to Dismiss as to Vavic [#264]; Mot. for Joinder as to Ferguson [#266]; Mot. to Dismiss as to Heinel [#267]; Mot. for Joinder as to Ernst [#269]; Mot. for Joinder as to Salcedo [#270]. Rather than oppose the motions, the government filed a Superseding Indictment [#272] on October 22, 2019, again

1

alleging a racketeering conspiracy but adding factual allegations and new counts. As to Heinel, the Superseding Indictment [#272] charged, in addition to the racketeering conspiracy: (1) conspiracy to commit mail and wire fraud and honest services mail and wire fraud; (2) conspiracy to commit federal programs bribery; (3) six count of wire fraud and honest services wire fraud; and (4) mail fraud and honest services mail fraud. As to Vavic, the Superseding Indictment [#272] added charges of (1) conspiracy to commit mail and wire fraud and honest services mail and wire fraud and (2) one count of wire fraud and honest services wire fraud.

In mid-December 2019, the same Defendants moved to dismiss the Superseding Indictment [#272]. See Mot. to Dismiss as to Williams [#326]; Mot. to Dismiss as to Heinel [#331]; Mot. to Dismiss as to Vavic [#333]; Mot. to Dismiss as to Salcedo [#335]; Mot. for Joinder as to Ernst [#337]; Mot. for Joinder as to Ferguson [#338]; Motion for Joinder as to Vavic [#465]. Following a hearing on the motions, on July 29, 2020, the government noted its intent to supersede again "within the next several weeks" to "address some of the concerns" identified by the court during the hearing. Gov't's Proposed Jury Instructions 3 [#490].

During this timeframe, two of the Defendants with pending motions, along with one Defendant who had not filed a motion to dismiss, entered into plea agreements with the government. See Salcedo Agreement [#440-1] (pleading to Count One, racketeering conspiracy, with government agreeing to dismiss at sentencing the counts added in the Superseding Indictment [#272]); Sanford Agreement [#494-1] (same); Williams Agreement [#497-1] (pleading to Count Two, conspiracy to commit mail and wire fraud and honest services mail and wire fraud, with government agreeing to dismiss at sentencing Count One, racketeering conspiracy, and the remaining count added in the Superseding Indictment [#272]).

On September 1, 2020, the government filed a Second Superseding Indictment [#505], adding further factual allegations and charges, including a charge of conspiracy to commit federal programs bribery against Vavic. Notwithstanding the filing of the Second Superseding Indictment [#505], the court addressed the substantive legal issues raised in the motions to dismiss the Superseding Indictment [#272], because, as a matter of law in this circuit, "the grand jury's return of a superseding indictment does not void the original indictment." United States v. Vavlitis, 9 F.3d 206, 209 (1st Cir. 1993) (citing United States v. Friedman, 649 F.2d 199, 202 (3d Cir. 1981) and United States v. Holm, 550 F.2d 568, 569 (9th Cir. 1977)). The court rejected various theories put forward by the government as to how the Defendants might be proven guilty of the offenses charged but nonetheless concluded that the Superseding Indictment [#272] met the minimal requirements of technical sufficiency to survive a motion to dismiss. Mem. & Order 2 [#564].

On January 5, 2021, Vavic filed a Supplemental Motion to Dismiss the Second Superseding Indictment [#607] raising one new and one renewed argument for why the charges brought against him in the Second Superseding Indictment [#505] must be dismissed. The court denied the motion on July 28, 2021, again concluding that on a pretrial motion to dismiss, the court was not empowered to weigh the sufficiency of the government's case but could consider only whether the allegations were technically sufficient and detailed enough to apprise the defendant of the charged offenses. Order 1-2 [#733].

On August 16, 2021, Heinel filed the pending Motion to Dismiss for Vindictive Prosecution [#759], which Vavic later moved to join. Mot. for Joinder as to Vavic [#809].

On August 31, 2021, the government filed a Motion to Dismiss Count One of the Second Superseding Indictment [#784], which the court granted, dismissing the original racketeering

conspiracy charge against the remaining Defendants. Elec. Order [#829]. Ernst entered into a plea agreement with the government on September 13, 2021. Ernst Agreement [#803].

## II. Legal Standard

As a general matter, federal prosecutors possess broad discretion to initiate and conduct criminal prosecutions. See United States v. Armstrong, 517 U.S. 456, 464 (1996). Such discretion extends to "[w]hether to prosecute and what charge to file or bring before a grand jury." United States v. Batchelder, 442 U.S. 114, 124 (1979). These decisions are necessarily informed by judgments about dangerousness, deterrence, and enforcement priorities, which courts are ill-equipped to second-guess. See United States v. Stokes, 124 F.3d 39, 45 (1st Cir. 1997). There are, however, limits to this discretion. As relevant to the pending motions, it violates the Due Process Clause of the Fifth Amendment for a prosecutor to engage in a vindictive prosecution—one in which the prosecutor seeks to punish a defendant solely for exercising a protected statutory or constitutional right. See United States v. Goodwin, 457 U.S. 368, 372 (1982).

"A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness." United States v. Jenkins, 537 F.3d 1, 3 (1st Cir. 2008). If a defendant makes this presumptive showing, the prosecutor then bears the burden of rebutting the presumption by showing objective reasons for the additional charges. See id.

A presumption of vindictiveness does not ordinarily arise in the pretrial setting. See Goodwin, 457 U.S. at 381 ("a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision"). Instead,

the First Circuit has cautioned that "courts should go very slowly in embracing presumptions of prosecutorial vindictiveness in pretrial settings." Stokes, 124 F.3d at 45. This restraint reflects the difference between pre- and post-trial contexts. As the Supreme Court has noted, the "give-and-take" nature of plea negotiations grants prosecutors the latitude to add charges in the pretrial context. Goodwin, 457 U.S. at 378–381. Accordingly, "the mere bringing of a new indictment with added counts is not in itself vindictive behavior, nor does it raise a presumption of vindictiveness." United States v. Young, 955 F.2d 99, 108 (1st Cir. 1992).

### III. Discussion

Heinel and Vavic do not claim to have evidence of actual vindictiveness; they point instead to circumstances that they assert are sufficient to raise a presumption of vindictiveness. Heinel Mem. 7-13 [#759]; Mot. for Joinder as to Vavic 1-3 [#809]. Specifically, Heinel presents the following evidence: (1) she was charged in the Superseding Indictment [#272] after she refused to engage in plea negotiations and moved to dismiss the original Indictment [#1]; (2) the Superseding Indictment [#272] added nine new charges against her, all of which were based on the same conduct that was the subject of the first Indictment [#1]; and (3) the government treated her differently from the Defendants who pleaded guilty. Heinel Mem. 7-13 [#759]. Vavic states that both the Superseding Indictment [#272] and the Second Superseding Indictment [#505] added new charges against him after he stood on his rights, none of which were based on new evidence. Mot. for Joinder as to Vavic 1-3 [#809]. The court considers each assertion in turn.

Heinel and Vavic's first arguments go to the sequence of events, specifically that the government filed the Superseding Indictment [#272] and the Second Superseding Indictment [#505] after Heinel and Vavic refused to enter into plea agreements and moved to dismiss the indictments. Heinel Mem. 7-8 [#759]; Mot. for Joinder as to Vavic 2 [#809]. However, as

discussed above, the Supreme Court has held that "prosecutors should remain free before trial to exercise the broad discretion entrusted to [them] to determine the extent of the societal interest in prosecution." Goodwin, 457 U.S. at 382. Accordingly, "in the give-and-take of plea bargaining, 'there is no . . . element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.'" Jenkins, 537 F.3d at 4 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)); see Goodwin, 457 U.S. at 382-83. In addition, the First Circuit has concluded that where the government has decided to supersede an indictment following a defendant's motion to dismiss, the motion itself may offer "an obvious, and legitimate, reason why the prosecutor would want to add other, less controversial, charges to the indictment." Young, 955 F.2d at 108 (citing Goodwin, 457 U.S. at 381).

The same applies to Heinel and Vavic's second set of arguments, which contend that the prosecution exhibited vindictiveness by adding counts against them in the subsequent indictments based on the same conduct as was originally alleged. Heinel Mem. 8-11 [#759]; Mot. for Joinder as to Vavic 2 [#809]. The Supreme Court has held that "[a]n initial [charging] decision should not freeze future conduct" and that "a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." Goodwin, 457 U.S. at 380, 382. The First Circuit has similarly held that the government's decision to file a sentencing enhancement after plea negotiations broke down was insufficient to suggest a likelihood of prosecutorial vindictiveness. See Jenkins, 537 F.3d at 4. Moreover, unlike in the cases cited by Heinel, the added charges here do not carry harsher statutory penalties than the original racketeering charge. Compare 18 U.S.C. § 1963 (racketeering conspiracy) with 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud and honest services mail and wire fraud); 18 U.S.C. § 371 (conspiracy to commit federal programs bribery); 18 U.S.C. § 1341

(mail fraud and honest services mail fraud); 18 U.S.C. § 1343 (wire fraud and honest services wire fraud).

Heinel and Vavic's final claim is that the discriminatory treatment between Defendants who entered into plea agreements and those who asserted their rights supports a presumption of vindictiveness. Heinel Mem. 11-13 [#759]; Mot. for Joinder as to Vavic 2 [#809]. But where the Supreme Court and the First Circuit have both held that it is an acceptable practice for prosecutors to use additional charges to induce defendants to plead guilty, see Goodwin, 457 U.S. at 378 n.10 (citing Bordenkircher, 434 U.S. at 360-61); Jenkins, 537 F.3d at 4, the reverse must also be true: that the government may abstain from filing additional charges against a defendant whose cooperation it has secured.

Heeding the First Circuit's caveat that "courts should go very slowly in embracing presumptions of prosecutorial vindictiveness in pretrial settings," Stokes, 124 F.3d at 45, the court declines to apply a presumption of vindictiveness in this case. The court finds that under the precedent in this circuit, which makes raising a presumption of vindictiveness especially difficult in a pretrial setting, Heinel and Vavic have not demonstrated circumstances that reveal a sufficient likelihood of vindictiveness to warrant such a presumption.

IV.   **Conclusion**

For the forgoing reasons, Defendants' Motions to Dismiss for Vindictive Prosecution [#758], [#809], are DENIED.

IT IS SO ORDERED.

October 13, 2021                                                /s/ Indira Talwani
                                                                United States District Judge