UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br> v.  )  Criminal No. 19-cr-10081-IT<br>  )<br>DONNA HEINEL,  )<br>  )<br> Defendant )| |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
EXCLUDE EVIDENCE OR ARGUMENT RE: "STRUCTURING" (DKT. 849)**

The government respectfully submits this response in opposition to defendant Donna Heinel's motion *in limine* to preclude the government from offering evidence or argument that she and Singer structured payments into smaller amounts as a way to break or evade the law, or to conceal the nature of the payments. The government has agreed that it will not offer any opinion testimony or argument that Heinel and Singer structured payments to evade tax liability. However, contrary to Heinel's assertions, evidence and argument regarding the structuring of payments from KWF and Singer's clients to Heinel personally or to USC athletic funds she oversaw is not misleading, but rather is relevant to and highly probative of Heinel's criminal intent. For this reason, and those set forth below, Heinel's motion should be denied.

## BACKGROUND

On or about October 19, 2017, Heinel left Singer a voicemail regarding payments to be made by Singer's clients in exchange for Heinel's facilitation of their children's admission to USC as phony athletic recruits. In the voicemail, Heinel told Singer that she wanted to talk to him about two $50,000 donations from Kimmel and "another gentleman." *See* Exhibit A. She asked Singer to have them "make . . . the checks out to [the] Women's Athletic Board . . . and send those to me." *Id.* Heinel then stated, "[W]e'll talk about Sabrina [Abdelaziz] since that's, uh, a larger

amount of money and how we can structure that one." *Id.* She went on to discuss when she would present certain children of Singer's clients to the USC subcommittee for athletic admissions ("Subco"). *Id.*

The Second Superseding Indictment alleges that beginning in the fall of 2017, Heinel and Singer entered into a sham consulting agreement pursuant to which, beginning in or about July 2018, Singer directed monthly payments of $20,000 from KWF to Heinel personally. Dkt. 505 ¶ 52. The evidence will show that those $20,000 payments were in exchange for Heinel's facilitation of the admission of Sabrina Abdelaziz, and the children of other Singer clients, to USC as purported athletic recruits.

During trial in the related case of *United States v. Gamal Abdelaziz, et al.*, No. 19-cr-10080-NMG, the government introduced the above-described voicemail as an exhibit during the testimony of FBI Special Agent Keith Brown. Over defense counsel's objection, the government asked the agent what it means to structure a financial transaction. *See* Exhibit B at 46.[1] The agent answered, "Structuring generally means to break a larger transaction up into smaller transactions for the purpose of evading compliance, scrutiny, law enforcement scrutiny." *Id.* at 46–47. The AUSA then asked, "So it's breaking the larger transactions into smaller transactions?" to which the agent responded, "Yes." *Id.* at 47.

## ARGUMENT

Heinel argues that any "opinion or belief testimony" that she and Singer structured payments by breaking them into smaller amounts in order to evade taxes would be highly prejudicial, confusing, and misleading because it would suggest to the jury that Heinel engaged in

---

[1] The Court overruled defense counsel's objection after the government clarified that it was "not suggesting the term [structuring] in a legal term of art." *Id.*

criminal activity beyond the charges at issue in this case. As stated above, the government does not intend to present evidence or argument that Heinel and Singer structured payments to evade tax liability or otherwise to suggest to the jury that Heinel may have engaged in tax fraud. Accordingly, this portion of Heinel's motion is moot.

However, to the extent Heinel seeks to preclude *any* evidence or argument regarding her and Singer's agreement to structure the payments, it is without merit and should be denied. As an initial matter, Heinel asserts that use of the term "structuring" by government witnesses is misleading because it "implies a calculated specific pattern designed to conceal the nature of the transactions." Dkt. 850 at 3. But "structure" is Heinel's word, not the government's. *She* suggested to Singer that they discuss how to structure the payment for Sabrina Abdelaziz because it was a larger amount of money than the typical $50,000 "donation" to the Women's Athletic Board fund. And the evidence will show that that is indeed what Singer and Heinel did. They agreed to break the larger amounts owed into $20,000 per month payments to Heinel in the guise of consulting fees, which Heinel later falsely reported to USC as "speaking fees" in a further effort to hide her criminal conduct from USC.

There is no basis for precluding the government from introducing the voicemail or evidence of the subsequent payments to Heinel, or from arguing that the arrangement was intended, at least in part, to conceal the true nature of the payments – *i.e.*, that they were bribes paid in exchange for Heinel facilitating the fraudulent admission of Sabrina Abdelaziz and the children of other Singer clients. Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. The jury could certainly find that the voicemail, and the subsequent payment arrangement, make it more probable that Heinel understood that the payments from Singer and his

clients were in exchange for her presenting the children of Singer's clients to the Subco as phony athletic recruits, that she knew USC would not approve of her doing so, and that she was therefore attempting to conceal the true nature of the payments. Such highly probative evidence of Heinel's knowledge and criminal intent should not be kept from the jury.

## CONCLUSION

For the foregoing reasons, Heinel's motion should be denied.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Leslie A. Wright*
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
KRISS BASIL
Assistant United States Attorneys

Date:  October 19, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Leslie A. Wright*
Leslie A. Wright
Assistant United States Attorney

Date:  October 19, 2021