UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10081-IT |
| | ) | |
| DONNA HEINEL, | ) | |
| | ) | |
| Defendant | ) | |

MOTION TO CONTINUE SENTENCING

Dr. Heinel hereby respectfully requests that the Court continue the date of sentencing, which is currently scheduled September 13, 2022 until a later date after which the Court has ruled on co-defendant Jovan Vavic's Rule 29 motion.

The reason for this request is that Dr. Heinel's plea agreement precludes her ability to challenge her conviction once the Court issues "a written judgment after the sentencing hearing in this case." (Dkt. No. 987 at 4.) This Court is anticipated to rule on whether money to the University victim is sufficient to satisfy the requisite quid pro quo element for honest services fraud.[1] This is the basis upon which Dr. Heinel entered into a plea of guilty – that Dr. Heinel presented false information to SUBCO in an effort to secure student admissions in exchange for a donation to the athletic department in order to fulfill her job duties concerning fundraising, that she did not disclose to SUBCO that the information was false or that, upon the student's admission, a donation would be made. Should the Court rule that money to the victim University is legally insufficient to satisfy the illicit quid pro quo element for honest services fraud, then the offense conduct for which Dr.

---

[1] This issue is also on appeal with the First Circuit; oral argument is currently scheduled for October 5, 2022. *United States v. Abdelaziz*, Case No. 22-1129 and *United States v. Wilson*, Case No. 22-1138.

Heinel pled guilty would not constitute a crime and Dr. Heinel would have the right to consider withdrawal of her plea, something she would be unable to do once she is sentenced in this matter.

Counsel conferred with the government regarding this Motion and the government indicated it opposes any continuation of sentencing "given [Dr. Heinel's] waiver of her right to challenge her conviction and, in particular, her waiver of 'any argument that a professional gain isn't sufficient for the bribe and kickback element of [honest services fraud]'[.]" (Ex. A, email, citing Heinel Rule 11 hearing, Dkt. No. 1019 at 58.) As an initial matter, Dr. Heinel interprets her plea agreement to preclude her ability to challenge her conviction only once judgment is pronounced at the time of sentencing. (Dkt. No. 987 at 3-4.) Second, the government's interpretation of Dr. Heinel's Rule 11 hearing is unequivocally incorrect. During the plea proceedings, this Court expressed reservation once again on whether money to the victim University satisfies an illicit quid pro quo necessary to the offense, and in considering that issue, asked whether Dr. Heinel "waives any argument that a professional gain isn't sufficient for the bribe kickback element of this crime." Prior to answering the Court's inquiry, counsel for Dr. Heinel requested a break and when the hearing resumed, the Court indicated it had reviewed its prior ruling on this issue and had "no reason to rethink that." (See Ex. B, *United States v. Heinel*, Case No. 19-cr-10081, Rule 11 hearing transcript, at 57-67.) Consequently, Dr. Heinel did not waive the argument at the change of plea hearing.

//
//
//
//
//

Dated: Augsut 29, 2022               Respectfully submitted,

                                              */s/ Nina Marino*
                                              NINA MARINO
                                              (Admitted *pro hac vice*)
                                              JENNIFER LIESER
                                              KAPLAN MARINO, P.C.
                                              1546 N. Fairfax Avenue
                                              Los Angeles, CA 90046
                                              Telephone:  (310) 557-0007
                                              marino@kaplanmarino.com

                                              *Counsel for Defendant Dr. Donna Heinel*

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

      I hereby certify that, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court of Massachusetts, counsel for Dr. Heinel conferred with counsel for the United States as indicated above in the body of the motion.

                                              */s/   Nina Marino*
                                              NINA MARINO
                                              Counsel for Dr. Donna Heinel

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants.

                                              */s/   Nina Marino*
                                              NINA MARINO
                                              Counsel for Dr. Donna Heinel