UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10081-IT |
| ) | |
| (2) DONNA HEINEL, ) | |
| ) | |
| Defendant. ) | |

# UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of (1) an Order of Forfeiture (Money Judgment) and (2) Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture are submitted herewith. In her plea agreement, the defendant Donna Heinel (the "Defendant"), consented to entry of these orders. In support thereof, the United States sets forth the following:

1.  On September 1, 2020, a federal grand jury sitting in the District of Massachusetts returned a twenty-two count Second Superseding Indictment, charging the Defendant, and others, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Commit Mail and Wire Fraud and Honest Services Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Two); Conspiracy to Commit Federal Programs Bribery, in violation of 18 U.S.C. § 371 (Count Three); Wire Fraud and Honest Services Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Counts Ten through Fifteen); and

1

Mail Fraud and Honest Services Mail Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1341, 1346, and 2 (Count Eighteen)[1].

2. The Second Superseding Indictment also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Two through Eighteen of the Second Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:[2]

(a) $160,000, to be entered in the form of a forfeiture money judgment against Heinel.

3. The Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4. On September 15, 2020, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant

---

[1] The Defendant was not charged with Counts Four, Five through Nine, Sixteen and Seventeen, Nineteen, and Twenty through Twenty-Two.
[2] The Forfeiture Allegation identified additional assets for forfeiture that were associated with other defendants.

to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Bill of Particulars identified the following property as subject to forfeiture, without limitation:

(a)   $135,042.44 in U.S. currency seized from Bank of America account number ********4999 held in the name of Donna C. Heinel and another.

5.   On November 5, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count Eleven of the Second Superseding Indictment, pursuant to a written plea agreement that she signed on November 5, 2021. *See* Docket No. 987.[3] In Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States the following:

(a)   $135,042.44 in U.S. Currency seized from Bank of America account number ************4999, held in the name of Donna C. Heinel and another[4]; and

(b)   $160,000, to be entered in the form of an Order of Forfeiture (Money Judgment);

(Item (a) is the "Property" or "BOA 4999").

6.   In Section 6 of the plea agreement, subject to certain reservations as stated in Paragraph 3 with respect to the total offense level, the Defendant specifically agreed not to contest that the Property is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds traceable to an offense constituting a specified unlawful activity and consented to

---

[3] In the plea agreement, the government agreed to dismiss Counts Two, Three, Ten, Twelve, Thirteen, Fourteen, Fifteen, and Eighteen following the imposition of sentence. Count One was dismissed by the Court upon the government's motion. *See* Docket No. 829.

[4] The Property was seized pursuant to a seizure warrant obtained on March 11, 2019. Case No. 19-mj-6092-MPK. As set forth in the affidavit in support of the seizure warrant, from August 2018 to January 2019, the Defendant deposited a total of $120,000 in checks from the Key Worldwide Foundation ("KWF") into the BOA 4999, and another $20,000 check from KWF was deposited into another bank account, and the same day transferred to BOA 4999. *See* Affidavit of Special Agent Laura Smith, ¶¶ 18-22.

the entry of an order of forfeiture. The Defendant also agreed not to contest that $160,000 is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of a specified unlawful activity, and agreed that the amount of the forfeiture money judgment represents proceeds the Defendant obtained as a result of the crime to which the Defendant is pleading guilty. The United States agreed to apply the amount realized from the final disposition of the Property to the forfeiture money judgment.

**Order of Forfeiture (Money Judgment)**

7. Based on the Defendant's agreement in the written plea agreement and her guilty plea on November 5, 2021, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $160,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). This amount represents the proceeds of a specified unlawful activity.

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See, e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

4

9.      Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.   Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461; *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

**Preliminary Order of Forfeiture**

11.     In light of the Defendant's guilty plea and agreement in the plea agreement, the United States has also established the requisite nexus between the Property and the offense to which the Defendant pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

12.     Pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

13.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

14.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

15.     The United States may also, to the extent practicable, provide direct written notice

to any person known to have alleged an interest in the Property that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture in the form submitted herewith;

(b) retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   /s/ *Carol E. Head*
LESLIE WRIGHT
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: August 30, 2022